UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERMAINE A. ROSS, | Civil Action |
| Petitioner, | No. 18-1578 (RBK) |
| v. | |
| DAVID ORTIZ, | OPINION |
| Respondent. | |

**<u>ROBERT B. KUGLER, U.S.D.J.</u>**

Petitioner is a federal prisoner currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Respondent filed an Answer opposing relief (ECF No. 6), and Petitioner filed a Reply (ECF No. 9). For the reasons set forth below, the Court will deny the Petition.

## I.   BACKGROUND

This case arises from a disciplinary hearing during Petitioner's incarceration at FCI Fort Dix. On May 6, 2017, prison officials randomly breathalyzed Petitioner while searching inmates for use of homemade intoxicants. An official breathalyzed Petitioner twice, and Petitioner tested positive both times for alcohol. "The first test was read at 2:48 AM with a reading of .49 and the second test was at 3:03 AM and had a reading of .44." (ECF No. 6-2, at 13).

As a result, later that same day, officials issued an incident report charging Petitioner with use of any drugs or alcohol, in violation of Bureau of Prisons ("BOP") Code 112,[1] delivered the report to Petitioner, and advised him of his rights.

---

[1] In this context, a prisoner may violate Code 112, use of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia, not prescribed for the individual by the medical staff, by

Officials referred the incident report to the Unit Discipline Committee ("UDC").  On May 9, 2017, the UDC held a hearing where Petitioner argued that the investigating officer did not use the same breathalyzer for both tests.  After the hearing, the UDC referred the incident report to a Discipline Hearing Officer ("DHO").  Officials advised Petitioner of his rights before the DHO and he acknowledged receipt of those rights.  Petitioner declined to have a staff representative but requested to have two inmates serve as witnesses.  Petitioner maintained that his fellow inmates, Gilberto Santiago and Ernest Gray, would establish that he was not intoxicated.

Several months later, on July 14, 2017, the DHO held a hearing and again advised Petitioner of his rights.  Petitioner confirmed that he did not want a staff representative but called Mr. Santiago and Mr. Gray as witnesses.  Petitioner alleged that he was not drinking and thought there was something wrong with the breathalyzer.  Mr. Gray stated that he was also breathalyzed, and that Mr. Gray's first test was positive, but his second test was negative.  The parties dispute whether Petitioner specifically asked the DHO to review the machine's calibration logs.

The DHO did not consider the calibration logs, but considered the testimony, incident report, and alcohol testing logs in reaching a decision.  After considering all of the evidence, the DHO concluded that Petitioner committed the act of use of any drugs or alcohol, in violation of Code 112.  The DHO then issued the following sanctions: (1) revocation of forty days of good conduct time; and (2) loss of commissary privileges for sixty days.  Petitioner received the finalized DHO report on August 9, 2017.

Petitioner appealed the DHO's decision, arguing that the breathalyzer was unreliable and challenging the DHO's refusal to investigate the machine's calibration logs.  The Regional Office

---

receiving a blood alcohol reading of .02 or higher, and then receive a second such reading, approximately fifteen minutes after the first. (ECF No. 6-4, at 2).

denied the appeal, finding that the DHO's findings were reasonable, Petitioner received appropriate due process, and that Petitioner did not identify the calibration log issue during the DHO hearing. Thereafter, Petitioner appealed to the Central Office, which also denied his appeal.

Petitioner then filed the instant Petition, generally alleging that staff did not properly calibrate or maintain the breathalyzer, that he was denied due process when the DHO refused to review the calibration logs, and that there was insufficient evidence to support the DHO's decision. Respondent filed an Answer (ECF No. 6), and Petitioner filed a Reply, (ECF No. 9).

## II.    STANDARD OF REVIEW & JURISDICTION

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn,* 151 F.3d 116, 118 (3d Cir. 1998).

If the Court does not dismiss the petition at the screening stage, the Court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)). "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J. 1995) (applying the § 2255 hearing standard to a § 2241 petition), *aff'd*, 83 F.3d 1531 (3d Cir. 1996).

Where a petitioner fails to identify evidence outside the record that would support or "otherwise . . . explain how . . . an evidentiary hearing" would advance his claim, a court is within its discretion to deny an evidentiary hearing. *Campbell*, 209 F.3d at 287. In exercising that discretion, a court must accept the truth of a petitioner's factual allegations unless the record shows

that they are clearly frivolous. *Friedland*, 879 F. Supp. at 434; *c.f. United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015).

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." *Lee v. Stickman,* 357 F.3d 338, 342 (3d Cir. 2004) (quoting *Maleng v. Cook,* 490 U.S. 488, 490–91 (1989)).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the loss of good conduct time on constitutional grounds and he was incarcerated in New Jersey at the time he filed the Petition. *See Woodall v. Fed. Bureau of Prisons,* 432 F.3d 235, 242–44 (3d Cir. 2005).

### III.   DISCUSSION

Generally, Petitioner argues that he was denied due process when the DHO refused to review the breathalyzer's calibration logs. Petitioner *assumes* that the logs were exculpatory, and argues that without those logs, both of his blood alcohol tests were unreliable. In response, Respondent contends that Petitioner received all the required due process protections, and that in any event, there is "some evidence" to support the DHO's findings and decision. Additionally, Respondent provided the calibration logs to this Court, and maintain that they would not have been exculpatory.

Under our jurisprudence, before a prisoner may lose good time credits, officials must afford him the following due process protections: (1) a written notice of the charges at least twenty-four hours prior to a hearing; (2) an opportunity to call witnesses and present evidence in his defense; (3) an opportunity to receive assistance from an inmate representative; (4) a written statement of the evidence relied on and the reasons for the disciplinary action; and (5) an appearance before an

impartial decision making body. *See Crosby v. Piazza,* 465 F. App'x 168, 171–72 (3d Cir. 2012) (per curiam) (citing *Wolff v. McDonnell,* 418 U.S. 539, 563–71 (1974)).

Additionally, in order to comport with due process, there must be "some evidence in the record" to support a disciplinary officer's findings and decision to revoke good time credits. *Gonzalez v. Hollingsworth*, No. 15-2993, 2016 WL 1732376, at *2 (D.N.J. May 2, 2016) (quoting *Denny v. Schultz*, 708 F.3d 140, 144 (3d Cir. 2013)). The "some evidence" standard is one of appellate review and is not the same as the "burden of proof in a prison disciplinary proceeding." *Id*.

Indeed, the "some evidence" standard is "minimal and does not require examination of the entire record, an independent assessment of the credibility of the witnesses, or a weighing of the evidence." *Lang v. Sauers*, 529 F. App'x 121, 123 (3d Cir. 2013) (citing *Thompson v. Owens*, 889 F.2d 500, 502 (3d Cir. 1989)). Instead, "the relevant inquiry asks whether 'there is any evidence in the record that could support'" the disciplinary official's conclusion. *Id*. (quoting *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985).

With those principles in mind, Petitioner first contends that the DHO's refusal to review the breathalyzer calibration logs violated his due process right to present evidence. In this context, the right to present evidence is not absolute. "Prison officials may limit the inmate's presentation for reasons of relevance, necessity, or undue hazard to institutional safety or correctional goals." *Bellamy v. Hollingsworth*, No. 13-7783, 2014 WL 714905, at *4 (D.N.J. Feb. 21, 2014) (citing *Wolff*, 418 U.S. at 566–67). Prison officials must justify their refusal, but it is not necessary to do so at the time of the hearing. *Id*. To the contrary, officials may provide their explanation for the refusal to the Court, if a petitioner later challenges "the deprivation of a liberty interest." *Id*. (citing *Ponte v. Real*, 471 U.S. 491 (1985)).

"Moreover, in this context, an inmate who challenges a prison disciplinary hearing result based upon an alleged denial of his right to present evidence must show some actual prejudice resulting from the prison's exercise of discretion." *See, e.g.*, *Moreta v. Marionna*, No. 15-1915, 2017 WL 2463087, at *4 (M.D. Pa. June 7, 2017) (citing *Pachtinger v. Grondolsky*, 340 F. App'x 772, 777 (3d Cir. 2009) (denying habeas petition where inmate failed to show prejudice resulting from the absence of cellmate's testimony)).

In the present case, the parties dispute whether Petitioner requested review of the calibration logs at the DHO hearing. Rather than hold an evidentiary hearing on this issue, the Court will assume for the purpose of this Opinion that: (1) Petitioner requested those logs; (2) the DHO denied that request; and (3) that the BOP failed to present a justification for that refusal.

Petitioner's claim fails, however, because he has not shown prejudice. Petitioner assumed, perhaps because the DHO refused to review them, that the calibration logs were exculpatory. Petitioner alleged that the logs would show that the BOP had not maintained the breathalyzer according to the BOP's policies, and that it had not been properly calibrated.

The Court has reviewed the calibration logs, which reveal instead, that the BOP calibrated the breathalyzer at least once a month, in accordance with BOP policies. (ECF No. 6-4, at 3, 19). Additionally, the most recent calibration occurred merely five days before Petitioner's tests. (ECF No. 6-4, at 19).

In his Reply, Petitioner asserts that the calibration logs do not contain enough information to determine whether the breathalyzer was properly calibrated. Petitioner complains that the logs contain only the dates of calibration, not the results of the calibration. Stated differently, Petitioner maintains that the calibration logs "did not adequately explain . . . that the device was properly calibrated. But nothing in the calibration log casts doubt on the fact that the breathalyzer was

6

calibrated." *Mendez v. Bell*, No. 16-02123, 2018 WL 4039321, at *3 (D. Conn. Aug. 23, 2018). As a result, at best, the logs would not have had an impact at Petitioner's hearing.

Petitioner also disputes whether these logs are for the same breathalyzer, because in his view, the logs should have a serial number on them. As the accompanying declaration of Special Investigative Services Technician Brian Virgillo explains, however, the BOP only used one breathalyzer in Petitioner's compound, the West Compound. (ECF No. 6-3, at 1–2). The logs indicate that they are for the "WEST COMPOUND" breathalyzer. (ECF No. 6-4, at 19). Accordingly, to the extent Petitioner claims that the refusal to review the calibration logs[2] violated his due process rights, the Court will deny that claim for failure to establish prejudice.

Turning then, to whether the DHO had "some evidence" to arrive at his decision, the DHO considered, among other things, the investigating officer's incident report, as well as the alcohol testing log. The testing log showed that Petitioner tested positive twice, for alcohol. Both of Petitioner's tests showed the presence of alcohol well in excess of the required .02 percent for a conviction. (ECF No. 6-2, at 13 ("The first test was read at 2:48 AM with a reading of .49 and the second test was at 3:03 AM and had a reading of .44.")). Consequently, the DHO had "some evidence" to conclude that Petitioner violated Code 112.

As for Petitioner's evidence at the hearing, the DHO had the right to assign little or no weight to the allegations: (1) that Petitioner did not consume alcohol; (2) that the test resulted in a false positive with one of the other inmates; (3) that the investigating officer failed to ask if

---

[2] Petitioner also argued that there were two sets of logs, one for maintenance and one for calibration. The Court ordered Respondent to submit a supplemental declaration from an appropriate official to clarify whether there are one or two sets of logs. The supplemental declaration reveals that Petitioner is incorrect, and that there is only one set of logs. (ECF No. 12).

7

Petitioner ate or drank anything; or (4) that the investigating officer performed too many tests in rapid succession.

Whether the breathalyzer issued a false positive on another inmate or whether "flawed testing procedures gave rise to unreliable results goes to the *weight* of the evidence, and given the highly deferential standard of review, provides no basis for the Court to overturn the DHO's decision." *See Hernandez v. Sepanek*, No. 12-51, 2013 WL 556378, at *6 (E.D. Ky. Feb. 11, 2013) (emphasis added).

Ultimately, Petitioner asks the Court to reweigh the evidence, but that is not the duty of this Court.  When reviewing a DHO decision resulting in the loss of good time credits, federal courts do not weigh the evidence or assess credibility. *See Lang*, 529 F. App'x at 123. Accordingly, the Court will deny the Petition.

### IV.   CONCLUSION

For the foregoing reasons, Court will deny the Petition.  An appropriate Order follows.

DATED:  June  1,  2020

                                                      s/Robert B. Kugler  
                                                      ROBERT B. KUGLER  
                                                      United States District Judge